1   Nossaman LLP
    Allan H. Ickowitz (SBN 80994)
2   Robert S. McWhorter (SBN 226186)
    445 S. Figueroa Street, 31st Floor
3   Los Angeles, California  90071
    Telephone:  213.612.7800
4   Facsimile:  213.612.7801
    aickowitz@nossaman.com
5   rmcwhorter@nossaman.com

6   Attorneys for Defendant,
    Federal Deposit Insurance Corporation,
7   as Receiver of Corus Bank, N.A

8

                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                         WESTERN DIVISION
11

12  In re:                              Bankruptcy Case No. 2:09-bk-35127-VZ
                                        Chapter 11
13  GTS 900 F, LLC,

14          Debtor,                     CV 10-02763 SJO

15  GTS 900 F, LLC, a California limited U.S. District Court Case No:
    liability company,                  Bankruptcy Adv. No. 2:09-ap-02188-VZ
16
                                        **MEMORANDUM OF POINTS AND**
17          Plaintiff,                  **AUTHORITIES IN SUPPORT OF**
                                        **FEDERAL DEPOSIT INSURANCE**
18      v.                              **CORPORATION'S, AS RECEIVER FOR**
                                        **CORUS BANK, N.A., MOTION TO**
19  CORUS BANK, N.A., a national banking **WITHDRAW THE REFERENCE**
    association and DOES 1 through 10, inclusive, **PURSUANT TO 28 U.S.C. § 157(d) AND**
20                                      **BANKRUPTCY RULE 5011**
            Defendants.
21
                                        Date:
22                                      Time:
                                        Place:
23                                      Judge:

24

25

26

27

28

---

115957_4.DOC                                      *GTS 900 F, LLC, v. CORUS BANK, N.A.*

**FDIC-R'S MEMO. OF POINTS AND AUTH. IN SUPPORT OF MOTION TO WITHDRAW**
**THE REFERENCE PURSUANT TO 28 U.S.C. § 157(D) AND BANKRUPTCY RULE 5011**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF FACTS ..................................................................................2

III.  LEGAL ANALYSIS ...........................................................................................3

    A.    The District Court's Jurisdiction Over the Bankruptcy Case and
Withdrawal of the Reference from the Bankruptcy Court Pursuant to 28
U.S.C. § 157(d). ...........................................................................................3

    B.    28 U.S.C. § 157(d) Mandates Withdrawal of this Case Because this Case
Requires Substantial and Material Consideration of Federal Non-
Bankruptcy Law...........................................................................................4

    C.    Good Cause Exists to Withdraw the Reference From the Bankruptcy
Court Pursuant to 28 U.S.C. § 157(d). ......................................................7

        1.    This Case is a Non-Core Proceeding that Must Ultimately be
Adjudicated *De Novo* By the District Court. ................................8

        2.    Withdrawing the Reference From the Bankruptcy Court Will
Conserve Judicial Resources and Prevent Unnecessary Costs to
the Parties.......................................................................................10

        3.    Withdrawal of the Reference from the Bankruptcy Court Does
Not Promote Forum Shopping Nor Affect the Uniformity of
Bankruptcy Administration...........................................................10

        4.    Plaintiff's Request for Jury Trial Necessitates Withdrawal of the
Reference from the Bankruptcy Court..........................................11

IV.   CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Daewoo Motor Am., Inc. v. Gulf Ins. Co. (In re Daewoo Motor Am., Inc.)*,
    302 B.R. 308 (C.D. Cal. 2003) .................................................... 7, 8, 9, 11

*FDIC v. Shain, Schaffer & Rafanello*,
    944 F.2d 129 (3d Cir. 1991) ............................................................... 1

*Freeman v. FDIC*,
    56 F.3d 1394 (D.C. Cir. 1995) ............................................................ 6

*In re Castlerock Properties*,
    781 F.2d 159 (9th Cir. 1986) ............................................................ 8, 9

*In re CIS CORP.*
    140 B.R. 351 (S.D.N.Y. 1992) ............................................................ 5

*In re Mid America Entertainment Plus, Inc.*,
    135 B.R. 419 (D. Kan. 1991) .............................................................. 5

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir. 1993) ...................................................... 7, 8, 9, 11

*In re Sahni*,
    227 B.R. 748 (D. Kan. 1998) .............................................................. 5

*In re Vicars Ins. Agency, Inc.*,
    96 F.3d 949 (7th Cir. 1996) .............................................................. 5

*Intercontinental Travel Marketing, Inc. v. FDIC*,
    45 F.3d 1278 (9th Cir. 1994) ............................................................. 7

*Lloyd v. FDIC*,
    22 F.3d 335 (1st Cir. 1994) .............................................................. 7

*Lubin v. Cincinnati Ins. Co.*,
    411 B.R. 801 (N.D. Ga. 2009) ............................................................ 5

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982) ...................................................................... 3, 4

*Sahni v. American Diversified Partners*,
    83 F.3d 1054 (9th Cir. 1996) ............................................................. 6

*Security Farms v. Int'l Bhd. of Teamsters*,
    124 F.3d 999 (9th Cir. 1997) ....................................................... passim

*Thomas v. Union Carbide Agric. Prods. Co.*,
    473 U.S. 568 (1985) ...................................................................... 3

*Tri-State Hotels v. FDIC*,
    79 F.3d 707 (8th Cir. 1996) .............................................................. 6

**TABLE OF AUTHORITIES,** *cont.*

Page

## Rules

Bankruptcy Rule 5011(a) ............................................................................. 4

Bankruptcy Rule 9027 ................................................................................ 2

Fed. R. Civ. P. 38(b) .................................................................................. 11

Local Rule 9015-1(b)(1)(A) ........................................................................ 11

## Codes and Statutes

**12 U.S.C.**

§ 1819(b)(2)(A) ..................................................................................... 1, 6

§ 1819(b)(2)(B) ..................................................................................... 3, 10

§ 1821(j) ................................................................................................. 6

§ 1821(c)(3)(A) ........................................................................................ 2

§ 1821(d)(2) .......................................................................................... 1, 6

§ 1821(d)(2)(j) ......................................................................................... 6

§§ 1821(d)(3)-(d)(13) ............................................................................ 3, 10

§ 1821(d)(6) .......................................................................................... 1, 7

§ 1821(d)(6)(A) ...................................................................................... 11

§ 1821(d)(6)(B) ...................................................................................... 11

§ 1821(d)(13) ........................................................................................... 7

§ 1821(d)(13)(D) ................................................................................... 1, 5, 7

**28 U.S.C.**

§ 1334(b) ................................................................................................ 4

§ 1452(a) ................................................................................................ 2

§ 157 ...................................................................................................... 4

§ 157(a) .................................................................................................. 4

§ 157(b)(1) .............................................................................................. 4

§ 157(b)(2) .............................................................................................. 8

§ 157(b)(2)(N) ........................................................................................ 8

§ 157(b)(2)(O) ........................................................................................ 9

§ 157(c)(1) .............................................................................................. 4

§ 157(d) ........................................................................................... *passim*

§157(c) ................................................................................................ 8, 9

§ 157(b)(2)(A) ........................................................................................ 8

115957_4.DOC                                        -iii-                    *GTS 900 F, LLC, v. CORUS BANK, N.A.*

**FDIC-R'S MEMO. OF POINTS AND AUTH. IN SUPPORT OF MOTION TO WITHDRAW**
**THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011**

## I.      INTRODUCTION

28 U.S.C. § 157(d) authorizes a district court to withdraw, in whole or in part, any proceeding referred to the Bankruptcy Court when that proceeding requires substantial and material consideration of federal non-bankruptcy law or when good cause exists.  As set forth in this Memorandum, this Court should withdraw the above-captioned adversary proceeding from the Bankruptcy Court because this case requires interpretation of the Financial Institutions Reform Recovery and Enforcement Act, 12 U.S.C. § 1821 ("FIRREA") and because good cause exists.

Plaintiff, GTS 900 F, LLC's Complaint is based solely on state contract law.  In a nutshell, Plaintiff alleges that Corus Bank, N.A. breached a pre-petition contract prior to Plaintiff's bankruptcy filing.  As such, this case was originally filed in state court and later removed by Plaintiff to the Bankruptcy Court after it filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code.

On September 11, 2009, the Office of the Comptroller of the Currency closed Corus Bank, N.A. and appointed the Federal Deposit Insurance Corporation ("FDIC-R") as receiver over that institution.  The FDIC-R subsequently substituted into this case in place of Corus Bank, N.A.  The appointment of the FDIC-R as receiver for Corus Bank, N.A. caused fundamental changes to this case and all other cases pending against that institution.  *See FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 134 (3d Cir. 1991) ("the world changes when a bank goes into receivership").  As a result, this case requires consideration of federal non-bankruptcy law that should be decided by this Court, rather than the Bankruptcy Court.  Pursuant to 12 U.S.C. § 1819(b)(2)(A), any lawsuit at common law or in equity to which the FDIC-R, in any capacity, is a party "shall be deemed to arise under the laws of the United States."  Further, three of the five claims asserted by Plaintiff in its Complaint are barred as a matter of law pursuant to 12 U.S.C. §§ 1821(d)(2) and (j).  Moreover, jurisdictional issues may arise in this case pursuant to 12 U.S.C. §§ 1821(d)(6) and (13)(D) depending upon the outcome of the administrative claims process in Corus Bank, N.A.'s receivership proceeding.  Given these issues, this case belongs in this Court, rather than in the Bankruptcy Court.  Accordingly, the FDIC-R requests that this Court withdraw the above-captioned adversary proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).  Plaintiff concurs in this relief.

## II.   STATEMENT OF FACTS

Plaintiff and Corus Bank, N.A. entered into a Construction Loan Agreement, dated July 27, 2007, in which Plaintiff agreed to construct the "Concerto Project" in downtown Los Angeles, which consisted of, among other things, a mixed residential/retail use tower containing 271 units, a loft building containing 77 units, and a 7-story parking structure.

On September 4, 2009, Plaintiff filed a Complaint against Corus Bank, N.A. in Los Angeles County Superior Court in the case entitled *GTS 900 F, LLC v. Corus Bank, et al.*, Case No. BC 421309 (the "Lawsuit").  (Declaration of Robert McWhorter in Support of Federal Deposit Insurance Corporation's, As Receiver For Corus Bank, N.A., Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(D) and Bankruptcy Rule 5011 ("McWhorter Decl."), Ex. 1.)  In the Complaint, Plaintiff asserts four causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) declaratory relief; and (4) injunctive relief.  (*Id.*)  The Complaint seeks damages ranging from $20 million to $60 million based on Corus Bank, N.A.'s alleged breached of the Construction Loan Agreement.

On September 11, 2009, the Office of the Comptroller of the Currency closed Corus Bank, N.A. and appointed the FDIC-R as receiver.  (McWhorter Decl., Ex. 2.)  The FDIC accepted the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A).  (*Ibid.*)

On September 17, 2009, Plaintiff filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.  After filing bankruptcy, Plaintiff filed a Notice of Removal on September 21, 2009, pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027, removing the Lawsuit from Los Angeles County Superior Court to the Bankruptcy Court.  (McWhorter Decl., Ex. 4.)

On October 16, 2009, the FDIC-R sold certain assets of Corus Bank, N.A. to Corus Construction Venture, LLC ("Corus Construction"), including Plaintiff's loan  Thus, Corus Construction became the successor-in-interest to Corus Bank, N.A. with respect to certain banking assets.  This sale, however, did not include certain defensive litigation with respect to which Corus Bank, N.A. was a defendant.  Such litigation, including this case, remained with the FDIC-R, as Receiver for Corus Bank, N.A.

On November 23, 2009, the Bankruptcy Court entered an Order To Show Cause Why Adversary Proceeding Should Not Be Remanded (the "Remand OSC").

On December 7, 2009, the Bankruptcy Court entered an Order substituting the FDIC-R, as receiver in place of Corus Bank, N.A. and staying this case pending completion of the administrative claims process in Corus Bank, N.A.'s receivership proceeding pursuant to 12 U.S.C. §§ 1821(d)(3)-(d)(13).  (McWhorter Decl., Ex. 5.)

On December 9, 2009, the Court entered an order continuing the hearing on the Remand OSC to July 8, 2010, at 10:00 a.m.  The FDIC-R, with Plaintiff's consent, requested that the Bankruptcy Court conduct an earlier hearing[1].  (McWhorter Decl., Ex. 6.)  On December 17, 2009, the Bankruptcy Court denied that request, stating that an earlier hearing on the Remand OSC was not required because of the FDIC-R's right seek relief from this Court withdrawing the reference.  (McWhorter Decl., Ex. 7.)  Pursuant to a Stipulation of the Parties, the Bankruptcy Court subsequently entered an order on April 9, 2010, to permit filing of this Motion, notwithstanding the Court's stay of proceedings.  (McWhorter Decl., Ex. 8.)

For the reasons set forth below, this Court should withdraw the above-captioned adversary proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

## III.   LEGAL ANALYSIS

### A.   The District Court's Jurisdiction Over the Bankruptcy Case and Withdrawal of the Reference from the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d).

In the landmark case of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982) ("*Marathon*"), the Supreme Court recognized that Congress may not vest a non-Article III court (i.e. the Bankruptcy Court) with the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without the parties' consent.  See *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 584 (1985) (interpreting *Marathon* holding).  To address the constitutional prohibitions raised in *Marathon*, Congress enacted the Bankruptcy

---

[1] The FDIC-R requested an earlier hearing on the Remand OSC because the FDIC-R's right to remove a case from state court to federal court arguably expires on March 7, 2010, pursuant to the 90-day removal period granted by 12 U.S.C. § 1819(b)(2)(B).  Following the Bankruptcy Court's recommendation, we brought this Motion.

1 | Amendments and Federal Judgeship Act of 1984 in order to bring Bankruptcy Courts' judicial power

2 | within constitutional bounds. *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.

3 | 1997). Under this Act, Congress enacted 28 U.S.C. § 1334(b) to give federal district courts subject

4 | matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases

5 | under title 11." Congress also passed 28 U.S.C. § 157, which classifies matters as either "core

6 | proceedings," in which the Bankruptcy Court "may enter appropriate orders and judgments," or "non-

7 | core proceedings," which the Bankruptcy Court may hear but for which it may only submit proposed

8 | findings of fact and conclusions of law to the district court for *de novo* review. Because bankruptcy

9 | judges are not Article III judges, 28 U.S.C. § 157(a) allows district courts to refer any of these

10 | proceedings to Bankruptcy Courts. Further, 28 U.S.C. § 157(b)(1) limits a Bankruptcy Court's authority

11 | to make binding decisions only in "core proceedings" that arise under or arise in a case under title 11. In

12 | "non-core proceedings" that are otherwise related to a case under title 11, a Bankruptcy Court may make

13 | only proposed findings of fact and conclusions of law to the district court, which reviews all non-core

14 | matters *de novo*. 28 U.S.C. § 157(c)(1).

15 | On its own motion or on timely motion of any party, a Federal district court has statutory

16 | authority to withdraw, in whole or in part, any case or proceeding referred to the Bankruptcy Court.

17 | 28 U.S.C. § 157(d). A motion for withdrawal of a case or proceeding must be heard by a district judge.

18 | Bankruptcy Rule 5011(a). 28 U.S.C. § 157(d) mandates withdrawal in cases requiring material

19 | consideration of non-bankruptcy federal law. *Security Farms*, 124 F.3d 999 at 1008. The district court's

20 | authority for permissive withdrawal is governed by the first sentence of 28 U.S.C. § 157(d): "The

21 | district court may withdraw . . . any case or proceeding referred [to the Bankruptcy Court] on its motion

22 | or on timely motion of a party, for cause shown." *Id*. As will be demonstrated, both mandatory and

23 | permissive withdrawal apply in this case.

24 | **B.    28 U.S.C. § 157(d) Mandates Withdrawal of this Case Because this Case Requires**

25 | **Substantial and Material Consideration of Federal Non-Bankruptcy Law.**

26 | The threshold issue is whether withdrawal of this case is mandatory under 28 U.S.C. § 157(d).

27 | Withdrawal of the reference from Bankruptcy Court is mandatory if "resolution of the proceeding

28 | requires consideration of both title 11 and other laws of the United States regulating organizations or

---

**FDIC-R'S MEMO. OF POINTS AND AUTH. IN SUPPORT OF MOTION TO WITHDRAW**
**THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011**

1 | activities affecting interstate commerce." 28 U.S.C. § 157(d).  The Ninth Circuit has followed other

2 | circuits and stated *in dictum* that mandatory withdrawal hinges "on the presence of substantial and

3 | material questions of federal law."  *Security Farms*, 124 F.3d at 1008 n.4; *see also In re Vicars Ins.*

4 | *Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).  Mandatory withdrawal requires more than the mere

5 | application of well-settled non-bankruptcy law. *In re Vicars Ins. Agency, Inc.*, 96 F.3d at 953.  Under

6 | the plain meaning of the statute, the substantial and material questions of federal non-bankruptcy law

7 | must "regulat[e] organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

8 |     Certain district courts have found that withdrawal of the reference from Bankruptcy Courts is

9 | mandatory in cases in which the FDIC-R is a party and substantial and material consideration of

10 | FIRREA is involved.  In *Lubin v. Cincinnati Ins. Co.*, 411 B.R. 801, 804 (N.D. Ga. 2009) ("*Lubin*"), the

11 | district court mandatorily withdrew the reference from the Bankruptcy Court of a trustee's adversary

12 | proceeding against the officers and directors of a failed bank because "substantial and material

13 | consideration of FIRREA" was required. In that case, the FDIC-R, as receiver for the failed bank,

14 | intervened in the adversary proceeding and claimed the trustee's claims belonged exclusively to the

15 | FDIC-R, as receiver for the failed bank.  In *In re Mid America Entertainment Plus, Inc.,* 135 B.R. 419,

16 | 422 (D. Kan. 1991) ("*Mid America*"), the district court withdrew the reference from the Bankruptcy

17 | Court regarding a trustee's adversary proceeding against the Resolution Trust Corporation, as receiver

18 | for the failed bank.  The court found that because the case involved whether the Bankruptcy Court, as

19 | well as the district court, lacked jurisdiction over the adversary proceeding by virtue of 12 U.S.C.

20 | § 1821(d)(13)(D), mandatory withdrawal of the reference from the Bankruptcy Court was appropriate

21 | because substantial federal non-bankruptcy issues were involved.[2]

22 |     Like *Lubin* and *Mid America*, resolution of this proceeding involves substantial and material

23 | questions of federal non-bankruptcy law regulating organizations or activities affecting interstate

24 | commerce.  If fact, this case involves little, if any, bankruptcy issues, but rather requires interpretation of

25 | FIRREA for several reasons.

---

[2] For purposes of disclosure, certain courts have declined to follow the logic of these cases. See *In re CIS CORP.*, 140 B.R. 351 (S.D.N.Y. 1992); *In re Sahni*, 227 B.R. 748, 751 (D. Kan. 1998).  However, the FDIC-R believes that these cases are different from this case for the reasons stated herein.

1    First, pursuant to 12 U.S.C. § 1819(b)(2)(A), any lawsuit at common law or in equity to which

2    the FDIC-R, in any capacity, is a party "shall be deemed to arise under the laws of the United States."

3    Thus, as a matter of law, the claims against the FDIC-R in this case are deemed to arise under the laws

4    of the United States.

5         Second, this case requires consideration of 12 U.S.C. §§ 1821(d)(2), (j).  The Third, Fourth, and

6    Fifth Causes of Action seek declaratory and injunctive relief against the FDIC-R.  (McWhorter Decl.,

7    Ex. 1, ¶¶ 64-83.)  Specifically, these causes of action seek to compel the FDIC-R to release its lien, and

8    deliver "clear title" on residential loft units in the Property. (McWhorter Decl., Ex. 1, p. 21:7-15.)  The

9    FDIC-R maintains that these claims are barred as a matter of law under 12 U.S.C. §§ 1821(d)(2), (j).  12

10   U.S.C. § 1821(d)(2) entitles the FDIC-R to sell Corus Bank, N.A.'s assets in the course of the

11   receivership.  Congress granted this express statutory authority to dispose of receivership assets to

12   reduce the losses borne by federal taxpayers when federally insured financial institutions fail.  *Sahni v.*

13   *American Diversified Partners*, 83 F.3d 1054, 1059 (9th Cir. 1996).  Pursuant to this provision, on

14   approximately September 17, 2009, the FDIC-R, as Receiver for Corus Bank, sold certain assets of

15   Corus Bank, N.A. to Corus Construction, including, Plaintiff's loan.  12 U.S.C. § 1821(j) provides that

16   no court may take action to restrain or affect the FDIC-R's exercise of its powers or functions as

17   receiver.  Thus, the district court (and any Bankruptcy Court) is barred from granting injunctive and

18   declaratory relief because it would effectively require the FDIC-R to rescind its sale.  The federal courts,

19   including the U.S. Courts of Appeals for the First, Second, Fifth, Sixth, Eighth, Ninth and D.C. Circuits

20   have expressly held that section 1821(j) prohibits courts from granting similar equitable relief against

21   the FDIC-R as Receiver.  *See, e.g., Sahni*, 83 F.3d at 1059 ("The granting of Sahni's request in the

22   present case to rescind the asset sales by the FDIC would constitute an improper judicial restraint on the

23   FDIC in violation of § 1821(j)."); *Tri-State Hotels v. FDIC*, 79 F.3d 707, 715 (8th Cir. 1996) (under

24   section 1821(j), rescinding mortgage documents "would act as an impermissible restraint on the ability

25   of the FDIC to exercise its powers as receiver"); *Freeman v. FDIC*, 56 F.3d 1394, 1399 (D.C. Cir. 1995)

26   (court may not enjoin FDIC from foreclosing on property); *Lloyd v. FDIC*, 22 F.3d 335, 337 (1st Cir.

27   1994).

28

1   Third, this Court may lack jurisdiction over this matter pursuant to 12 U.S.C. §§ 1821(d)(6) and

2   (d)(13)(D), depending on how Plaintiff's administrative claim is resolved in Corus Bank N.A.'s

3   receivership. 12 U.S.C. § 1821(d)(6) sets forth certain requirements for obtaining judicial review of the

4   disallowance of an administrative claim. Meanwhile, 12 U.S.C. § 1821(d)(13) strips all courts of

5   jurisdiction over any claims made outside the administrative procedures of section 1821 relating to the

6   acts or omissions of the failed institution for which the FDIC-R has been appointed Receiver.

7   *Intercontinental Travel Marketing, Inc.* v. FDIC, 45 F.3d 1278, 1282-83 (9th Cir. 1994). Here, Plaintiff

8   filed an administrative claim in Corus Bank, N.A.'s receivership proceeding. This court may be

9   required to construe these provisions depending on the actions taken by Plaintiff if its administrative

10   claim is disallowed.

11   Finally, the above-referenced issues all affect interstate commerce. Corus Bank, N.A.'s

12   headquarters were located in Chicago, Illinois, and made loans to entities outside of Illinois, such as

13   Plaintiff. (McWhorter Decl, Ex. 2.)

14   Because this case involves substantial and material questions of federal non-bankruptcy law,

15   28 U.S.C. § 157(d) mandates withdrawal of this proceeding from the Bankruptcy Court.

16   **C.   Good Cause Exists to Withdraw the Reference From the Bankruptcy Court**

17   **Pursuant to 28 U.S.C. § 157(d).**

18   Even if this Court finds that the mandatory withdrawal provisions of 28 U.S.C. § 157(d) do not

19   apply, this Court, in its discretion, should nevertheless withdraw the reference from the Bankruptcy

20   Court because good cause exists to do so. 28 U.S.C. § 157(d); *Daewoo Motor Am., Inc. v. Gulf Ins. Co.*

21   *(In re Daewoo Motor Am., Inc.)*, 302 B.R. 308, 310 (C.D. Cal. 2003) ("Daewoo"). In determining

22   whether cause exists, this Court should consider the efficient use of judicial resources, delay and costs to

23   the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related

24   factors. *Security Farms*, 124 F.3d 999 at 1008, citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d

25   Cir. 1993). Other factors that this Court may consider include the following:

26   1   whether the claim is core or non-core;

27   2.   whether the claim is legal or equitable;

28   3.   whether the claim is triable by a jury;

4.   the most efficient use of judicial resources;

5.   reduction of forum shopping;

6.   conservation of estate and non-debtor resources; and

7.   uniformity of bankruptcy administration.

*Daewoo*, 302 B.R. at 310 citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("*Orion*"). Discretionary withdrawal of the reference from the Bankruptcy Court should be determined on a case-by-case basis by weighing all the factors presented in a particular case. *Id.* at 310-311. As will be demonstrated below, these factors weigh in favor of finding good cause to withdraw the reference from the Bankruptcy Court.

**1.   This Case is a Non-Core Proceeding that Must Ultimately be Adjudicated *De Novo* By the District Court.**

One of the factors to consider in making the determination to withdraw the reference from the Bankruptcy Court is whether the case is a core or non-core proceeding. *Daewoo*, 302 B.R. at 310. Although this factor is not dispositive, "it is helpful to make the core/non-core determination before considering the other factors because this determination implicates the efficiency and uniformity factors." *Id* at 311, citing *Orion*, 4 F.3d at 1101. While a Bankruptcy Court may hear "non-core" matters, it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review under 28 U.S.C. §157(c). As such, because a Bankruptcy Court's determinations on non-core matters are subject to *de novo* review by the district court unnecessary costs could be avoided by a single proceeding in the district court. *Security Farms*, 124 F.3d at 1009. After making the core/non-core determination, the court should weigh the remaining factors. *Id.*

The distinction in the Bankruptcy Courts' role in "core" versus "non-core" proceedings is the essence of the jurisdictional system. *In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir. 1986) ("*Castlerock*"). "Core proceedings" are non-exhaustively listed at 28 U.S.C. § 157(b)(2). They include but are not limited to: matters concerning the administration of the estate (28 U.S.C.§ 157(b)(2)(A)); orders approving the sale of property (28 U.S.C. § 157(b)(2)(N)); and other proceedings affecting the liquidation of the assets of the estate (i.e. the "Catch-All Provision") (28 U.S.C. § 157(b)(2)(O)). The

1    Ninth Circuit narrowly construes 28 U.S.C. § 157(b)(2).  *Daewoo* 302 B.R. at 312.  In a nutshell, a core

2    proceeding arises in or under the Bankruptcy Code.

3        In contrast, "non-core" proceedings do not depend upon bankruptcy laws for their existence and

4    could proceed in a district court or in a state court.  *Security Farms*, 124 F.3d 999 at 1008; *Castlerock*,

5    781 F.2d at 162.  Thus, the general test for making the core/non-core determination is whether the action

6    depends upon the bankruptcy laws for its existence and whether the proceeding could be brought in

7    another court.  *Security Farms*, 124 F.3d at 1008.

8        In applying this general test, courts have recognized that a pre-petition breach of a pre-petition

9    contract is a non-core matter because it could have been brought in a non-Bankruptcy Court.  In *Orion*, 4

10   F.3d at 1102, the Second Circuit held that a "breach-of-contract action by a debtor against a party to a

11   pre-petition contract, who has filed no claim with the Bankruptcy Court, is non-core," even though it

12   may literally "affect the administration of the estate."  *Orion* involved the pre-petition breach of a

13   pre-petition contract  *Id.*  Similarly, in *Castlerock,* 781 F.2d at 162, the Ninth Circuit ruled a Bankruptcy

14   Court lacks jurisdiction to enter a judgment because pre-petition state law contract claims are noncore

15   proceedings under  28 U.S.C. § 157(c)[3].  The *Castlerock* Court noted, "[t]o hold otherwise would allow

16   the Bankruptcy Court to enter final judgments that this court has held unconstitutional." *Id.*

17       Like *Orion and Castlerock*, this case is a non-core proceeding based solely upon state law claims

18   that could have been brought in another court.  This case does not depend upon title 11 in any way.  In

19   fact, this case was originally filed in Los Angeles Superior Court before Plaintiff filed bankruptcy and

20   was later removed to the Bankruptcy Court.  This case could, and would have, proceeded in another

21   court had Plaintiff not filed for bankruptcy.  Plaintiff's Complaint is based solely upon two state law

22   breach of contract actions and two state law equitable actions for declaratory and injunctive relief.  The

23   allegations in Plaintiff's Complaint arise from an alleged pre-petition breach of the Construction Loan

24   Agreement between Corus Bank and Plaintiff.  Thus, this action is clearly a non-core proceeding that

25   must ultimately be decided *de novo* by the district court.  Accordingly, this factor weighs heavily in

26

27

28   [3] The *Castlerock* case contains a lengthy citation of cases standing for the proposition that state law contract claims are non-core proceedings.  *Castlerock*, 781 F.2d at 162.

1  favor of withdrawing the reference from the Bankruptcy Court and conducting a single proceeding in

2  this Court.

### 2. Withdrawing the Reference From the Bankruptcy Court Will Conserve Judicial Resources and Prevent Unnecessary Costs to the Parties.

Withdrawing the reference from the Bankruptcy Court is a more efficient use of both judicial and the parties' financial resources, because the issues are decided in a single proceeding by this Court, rather than two complete and separate proceedings. *Security Farms*, 124 F.3d 999 at 1009. In this case, withdrawing the reference serves both judicial efficiency and avoidance of unnecessary costs because the only matters at issue in this case that may be heard by the Bankruptcy Court are non-core matters regarding damages for an alleged pre-petition breach of a pre-petition contract that must ultimately be determined *de novo* by this Court. Having this case heard one time before one Court will conserve the Plaintiff and the FDIC-R's resources.

This is not a case where the Bankruptcy Court is already familiar with the relevant facts and issues. This case is at its initial stages. No answer has been filed by the FDIC-R. No trial date or scheduling order has been entered in this case. Instead, this case has been stayed to permit Plaintiff to participate in the administrative claims process proscribed by 12 U.S.C. §§ 1821(d)(3)-(d)(13). Therefore, for the sake of judicial economy, this Court should withdraw the reference from the Bankruptcy Court.

### 3. Withdrawal of the Reference from the Bankruptcy Court Does Not Promote Forum Shopping Nor Affect the Uniformity of Bankruptcy Administration.

Withdrawing the reference does not encourage forum shopping in this case because the District Court must decide all of the issues in this case *de novo*, and does not affect the uniformity of bankruptcy administration because the issues here are not contingent upon title 11. Moreover, this Court is clearly the appropriate forum for this case. In enacting FIRREA, Congress clearly intended to have claims against the FDIC-R, as receiver for a failed bank, heard in the appropriate United States District Court. For instance, 12 U.S.C. § 1819(b)(2)(B) gives the FDIC-R an absolute right to remove a case from state court to the appropriate United States District Court within 90 days after it is substituted as a party. Similarly, judicial review of a disallowed administrative claim is in one of two district courts: (1) the United States District Court for the district in which the failed bank's principal place of business is

1    located; or (2) the United States District Court for the District of Columbia.  12 U.S.C. § 1821(d)(6)(A),

2    1821(d)(6)(B).

### 4.    Plaintiff's Request for Jury Trial Necessitates Withdrawal of the Reference from the Bankruptcy Court.

Another factor to consider is whether there is a right to jury trial.  Where there is a right to jury trial in a non-core matter, that factor weighs heavily in favor of withdrawing the reference so as to give the parties an opportunity for a jury trial in the district court.  *Daewoo*, 302 B.R. at 314.  The rationale for this point is clear.  A jury trial is available in Bankruptcy Court over core proceedings.  However, there is no jury trial in Bankruptcy Court for non-core proceedings because such jury trials would violate the Seventh Amendment.  *Id.*  Because the Bankruptcy Court's findings of fact in non-core proceedings are reviewed *de novo* by the district court, holding jury trials in Bankruptcy Court on non-core matters would necessarily result in re-examination of the jury's fact-finding, thereby violating the Seventh Amendment's prohibition on such reexamination.  *Id.*, citing *Orion* 4 F.3d at 1101.

Here, Plaintiff has demanded a trial by jury.  (McWhorter Decl., Ex. 3.)  Absent this demand, the FDIC-R would also have a right to a jury trial.  Local Rule 9015-1(b)(1)(A) provides that a party may demand a trial by jury as provided by Fed. R. Civ. P. 38(b), which provides that a jury demand must be made in writing "not later than 14 days after the service of the last pleading directed to an issue triable of right by a jury."  The deadline for the FDIC-R to file its answer – the "last pleading directed to such issue" – has been extended until after the stay of proceedings has been lifted in this case.  Because this case involves a non-core proceeding, this Court should withdraw this adversary proceeding from the Bankruptcy Court because the Seventh Amendment prohibits the Bankruptcy Court from conducting such a trial.

///

///

///

///

///

115957_4.DOC                                  -11-                        *GTS 900 F, LLC, v. CORUS BANK, N.A.*

**FDIC-R'S MEMO. OF POINTS AND AUTH. IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011**

1  | **IV.   CONCLUSION**

2  |       For the reasons set forth above, the FDIC-R requests that this Honorable Court enter an order

3  | withdrawing the above-captioned adversary proceeding referred to the Bankruptcy Court pursuant to

4  | 28 U.S.C. §157(d) and granting other relief as is just and equitable.

5  |

6  | Dated: April 12, 2010                          NOSSAMAN LLP

7  |                                                By: _____

8  |                                                     ROBERT S. MCWHORTER

9  |                                                Attorneys for Defendant,
10 |                                                FEDERAL DEPOSIT INSURANCE CORPORATION AS
   |                                                RECEIVER FOR CORUS BANK, N.A.

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |